IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LACARLOS REVIER | ) | CASE NO. 4:10CV1628 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CORRECTIONS CORPORATION | ) | MEMORANDUM OF OPINION |
| OF AMERICA | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff *pro se* LaCarlos Revier filed this action against the Corrections Corporation of America ("CCA"), a private entity, under the category "other civil rights." He alleges that he was in custody of the Defendant on May 14, 2009. On May 29, 2009, its jurisdiction expired and he was to be released to state authorities pursuant to a warrant. However, the state did not obtain custody of him until July, 28, 2009, 58 days later. Plaintiff asserts that, as a result, he is entitled to damages in the amount of $1,450.000.00.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The CCA is a private corporation that contracts with an agency of the United States, usually the United States Marshals Service or the Federal Bureau of Prisons, to house its federal prisoners. Plaintiff was an inmate under federal custody, detained at CCA under color of federal law. A federal

prisoner in a Bureau of Prisons facility alleging a constitutional violation may bring an action against the offending individual officer under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). However, the proper defendant in a *Bivens* action is a federal official or agent, not a corporation. *See Correctional Services Corp. v. Malesko,* 534 U.S. 61, 66 (2001). There is no private cause of action against a private entity acting under color of federal law. *Benson v. Corrections Corp. of America,* 2009 WL 2461016 * 2 (N.D. Ohio, Aug. 7, 2009). Beyond the fact that CCA operates the prison, there are no facts showing that it may be liable for delaying Plaintiff's transfer to state custody. *Green v. Corrections Corp. of America*, 2010 WL 1643770, 2 (D. Kan., Apr. 22, 2010).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

>　　　　　　　　　　　　　　　　　　　*/s/SOLOMON OLIVER, JR.*
>　　　　　　　　　　　　　　　　　　　CHIEF JUDGE
>　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

September 9, 2010